# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| YANA CARSTENS, <br><br> Plaintiff, <br><br> v. <br><br> IC SYSTEM, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:23-cv-00230 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Yana Carstens ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of IC SYSTEM, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.,* and a state law cause of action for breach of contract for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, Plaintiff resides in the Western District of Texas, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6. Defendant is a third party debt collector with its principal place of business located at 444 Hwy 96 East, St Paul, Minnesota 55127. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Texas.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this action, Plaintiff received medical services from Third Coast Emergency Physicians-Southwest PA resulting in a balance owed of $376.89 ("subject debt").

8. Sometime thereafter, Defendant obtained the rights to collect the subject debt while it was allegedly in default.

9. In or around November 2022, Defendant contacted Plaintiff to collect the outstanding subject debt.

10. During the April 2022 telephone call, Plaintiff agreed to pay the subject debt to Defendant.

11. On November 16, 2022, Plaintiff completed a payment in the amount of $376.89 as agreed to Defendant thus alleviating any remaining financial obligations toward the subject debt.

12. On February 1, 2023, Defendant mailed a letter to Plaintiff collecting for the same subject debt for the same balance that Plaintiff already paid.

13. Initially, Plaintiff was confused as she believed that she had paid off the subject debt and hoped to avoid hearing anything further on the matter.

14. Unfortunately, in or around February 2023, Plaintiff also began receiving collection telephone calls placed by Defendant to her cellular telephone ending in 5866.

15. Plaintiff was perplexed by Defendant's collection calls as she knew that Defendant was attempting to collect a balance not owed by Plaintiff because she paid the subject debt in in full on November 16, 2022.

16. Plaintiff was becoming increasingly frustrated by Defendant's conduct.

17. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the subject debt in the amount demanded by Defendant, even though she knew she was not legally obligated to pay the amount demanded.

18. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

19. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant's from further deception in the future, thus incurring costs and expenses.

### DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon

and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

28. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692d, e, e(2), e(10), and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692d**

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly contacting Plaintiff seeking immediate payment on the subject debt not owed by Plaintiff. Moreover, Defendant continued relentlessly contacting Plaintiff to collect a debt not owed since the subject debt was paid in full as agreed to by Plaintiff.

    b. **Violation of FDCPA § 1692e**

33. Defendant violated §1692e and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by contacting Plaintiff repeatedly in a false, deceptive and misleading attempt to force Plaintiff to ultimately make a payment toward the already paid subject debt, despite the subject debt was no longer owed.

34. Moreover through its conduct, Defendant misleadingly represented to Plaintiff that it had the right to continue to contact her in an attempt to dragoon another payment on the subject debt not owed.

35. In addition, Defendant violated §1692e(10) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject

debt from Plaintiff despite Plaintiff not owing the remaining amount of subject debt after completing a payment in November 2022.

36. Defendant knew Plaintiff did not have any legal obligation to pay the subject debt. Despite having actual knowledge of this, Defendant attempted to dragoon Plaintiff into paying a debt that was not owed.

### c. Violations of FDCPA § 1692f and f(1).

37. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on the alleged subject debt by continuously contacting Plaintiff and demanding payment on a balance not legally owed. By placing collection phone calls and mailing collection letters after becoming privy to the fact that its collection efforts were made in error, as the remaining balance of the subject debt was not owed by Plaintiff, is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed through incessant harassing means.

39. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

40. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, YANA CARSTENS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   c. Enjoining Defendant from further communicating with Plaintiff;

    d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. § 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

43. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite no debt being owed.

44. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on subject debt no longer owed.

45. The fact that Defendant placed collection calls to Plaintiff's cellular phone after Plaintiff informed Defendant that its calls were not welcomed and no debt was owed is illustrative of Defendant's intent to harass Plaintiff.

46. Moreover, Defendant violated 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt by attempting to collect a debt that was paid. Plaintiff no longer owed the subject debt at the time Defendant attempted to collect the debt.

47. Specifically, On February 1, 2023, Defendant mailed a letter to Plaintiff collecting for the same subject debt for the same balance that Plaintiff already paid thus misrepresenting both the character and amount of the subject debt.

48. Defendant violated 392.304(19) by using any other false representation or deceptive means to collect a debt. As discussed above, Defendant falsely attempting to collect a debt that was paid by Plaintiff.

49. As pled above, Plaintiff was severely harmed by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff, YANA CARSTENS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302 and 392.304;

b. Enjoining Defendant from further contact with Plaintiff attempting to collect the subject debt pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff her reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 28, 2023

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com